```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA

                        CIVIL MINUTES-GENERAL

Case No.  CV 06-5255-DOC (OP)              Date: August 27, 2008

Title: Thomas Clinton v. Director of Corrections
---------------------------------------------------------------------
                                              ☐   U.S. DISTRICT JUDGE
   PRESENT:  THE HONORABLE    OSWALD PARADA

                                              ☒   MAGISTRATE JUDGE

    Maynor Galvez                 N/A                    N/A
    Deputy Clerk          Court Reporter / Recorder    Tape No.

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:
             NONE                                 NONE
```

**PROCEEDINGS:  (IN CHAMBERS: MOTION FOR RECONSIDERATION OF ORDER DISMISSING FOURTH AMENDED COMPLAINT WITH LEAVE TO AMEND)**

## I.
## Introduction

On August 21, 2006, Plaintiff lodged for filing a pro se Civil Rights Complaint pursuant to 42 U.S.C. § 1983. on December 8, 2006, Plaintiff lodged for filing a First Amended Complaint ("FAC"). On March 22, 2007, the Court dismissed the FAC with leave to amend.

On April 9, 2007, Plaintiff filed a pro se Second Amended Complaint pursuant to 42 U.S.C. § 1983 ("SAC"). On April 20, 2007, the Court dismissed the SAC with leave to amend.

On May 7, 2007, Plaintiff filed a pro se Third Amended Complaint ("TAC"). On December 11, 2007, Defendants De la Cruz, Engler, Marshall, Arbini, Jaramillo, Kephart, Tilton, Terle, Greenman, Prosper, Grannis, Uriaz, Tripp, Geovenetti, Luke, and Schwarzenegger filed a Motion to Dismiss the TAC and Motion to Strike the TAC. On March 27, 2008, Defendant Barter filed a Joinder in Defendants' Motion to Dismiss the TAC. On April 18, 2008, the Court granted the Motion to Dismiss and dismissed the TAC with leave to amend.

On May 8, 2008, Plaintiff filed a Fourth Amended Complaint. On May 30, 2008, the Court dismissed the Fourth Amended Complaint with leave to amend. Plaintiff was given thirty (30) days within which to file a Fifth Amended Complaint. On July 14, 2008, the Court received Plaintiff's "Motion to Reconsider Portion of Fourth Amended Complaint to be Dismissed." The motion was subsequently ordered filed.

```
                        UNITED STATES DISTRICT COURT
                       CENTRAL DISTRICT OF CALIFORNIA

                            CIVIL MINUTES-GENERAL
```

**Case No.** CV 06-5255-DOC (OP)                          **Date:** August 27, 2008

**Title:** Thomas Clinton v. Director of Corrections
                                                                          Page 2
--------------------------------------------------------------------------------

## II.
## Discussion

Local Rule 7-18 is entitled Motion for Reconsideration and provides as follows:
> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.  No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

In the Order dismissing the Fourth Amended Complaint with leave to amend, the Court concluded that Plaintiff failed to state a Due Process claim based on the alleged denial of his administrative appeals.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (A claimed loss of a liberty interest in the processing of administrative appeals does not satisfy the standard set forth in Sandin v. Conner, 515 U.S. 472, 483-84 (1995), because inmates lack a separate constitutional entitlement to a specific prison grievance procedure.)

However, it has long been "established beyond doubt that prisoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494, 52 L. Ed. 2d 72 (1977).  A prisoner's right to meaningful access to the courts, along with his broader right to petition the government for a redress of his grievances under the First Amendment, precludes prison authorities from penalizing a prisoner for exercising those rights.  In some instances, prison authorities must even take affirmative steps to help prisoners exercise their rights.  Id. at 821-32; Casey v. Lewis, 4 F.3d 1516, 1520 (9th Cir. 1993).  The right of meaningful access to the courts extends to established prison grievance procedures.  Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES-GENERAL**

Case No.  CV 06-5255-DOC (OP)                        Date:  August 27, 2008

Title:  Thomas Clinton v. Director of Corrections
                                                            Page 3

To the extent Plaintiff attempted to state a First Amendment access to courts claim, the Court grants his motion for reconsideration. To the extent Plaintiff attempted to state a Due Process claim, the Court denies his motion for reconsideration. The Court denies Plaintiff's motion for reconsideration in all other respects.

Plaintiff shall have fourteen (14) days from the date of this order to file a Fifth Amended Complaint, attempting to cure the defects in the Fourth Amended Complaint. The Fifth Amended Complaint shall be complete in itself and must remedy the deficiencies discussed including compliance with Federal Rule of Civil Procedure 8. Plaintiff may not use "et al." in the caption but must name each Defendant against whom claims are stated. Furthermore, Plaintiff must use the blank Central District Civil Rights Complaint form accompanying this order, must sign and date the form, must completely and accurately fill out the form, and must use the space provided in the form to set forth all of the claims that he wishes to assert in his Fifth Amended Complaint. The Clerk is directed to provide Plaintiff with a blank Central District Civil Rights Complaint form. The Fifth Amended Complaint shall not refer to the previously dismissed Complaints.

Failure to comply with these requirements may result in the dismissal of this action for failure to prosecute and/or failure to comply with a court order. Failure to remedy the deficiencies discussed may also result in a recommendation that the action be dismissed.

Plaintiff has had several opportunities to amend his complaint. Plaintiff is again cautioned that the Court is not inclined to allow endless attempts to properly amend the complaint.

**IT IS SO ORDERED**.


cc:  All Parties of Record


                                    Initials of Deputy Clerk____DTS FOR MG____

CV-90 (10/98)
CIVIL   MINUTES    -    GENERAL